**CREATH et v BOARD OF COMM'RS**

Ohio Appeals, 2nd Dist, Fayette Co

Nos. 192 & 193. Decided Dec 20, 1930

J. Logan and T. Junk, Washington C. H. for Creath et.

W. S. Paxson, Washington C. H., for Board of Comm'rs.

ALLREAD, J.

The kennel tax is a subsequent enact-

ment and the same principle would apply to the kennel tax as was applied to the first section. It is claimed that the dogs so kept in this instance are inoffensive and unable to inflict damages upon live stock contemplated in the Act. It will be noted, however, that the kennel tax is based upon the possibilities of keeping dogs for sale in a kennel and not exactly limited to the kind of dogs which the plaintiff alleges they kept but applies to any kind which could be kept in a kennel. The statute also authorizes the issuing of five tags for each kennel which can, under the law, be used for any of the dogs then kept, interchangeably. These dogs are entitled under the law as to the use of the tags to be temporarily released from the confinement of the kennel. The power of the General Assembly to enact laws under the police powers is generally upheld. **Board of Health v City of Greenwich, 81 Oh St 1.**

In the case of **Minch v Sims, 79 Oh St 174,** it was held that the owner of real estate where dogs are harbored is not liable for the dog tax. In the opinion, however, it is said:

"It may be and is conceded, at least for the purpose of this case, that a tax on dogs having for its object the protection of the sheep industry is within the legitimate exercise of the police power."

We are clear, therefore, that the Act even as applied to the dogs actually occupying the kennel is constitutional. The only question is as to the one which the Court of Common Pleas held to be a valid objection to the County Commissioners' orders, to-wit, that the Commissioners must have considered the deficiency for 1928. Under §5846 GC, as enacted in **112 Ohio Laws, page 553,** it is provided that the deficit for 1928 shall be paid either immediately or as soon as there is sufficient money in the fund applicable thereto so that in the absence of some specific charge the deficiency in the fund at the close of the year 1928 would not exist during the entire year of 1929, and the Commissioners must have been controlled only by the deficit at the end of 1929. When they met in December 1929 they were acting under the statute which provides that they may take the condition of the fund at that time into consideration as well as the number of animals taxed for the year 1929.

Sec 5652-7a GC as enacted in 1927 provides that:

"If in any year there should not be suffi-

cient money in the dog and kennel fund, after paying the expenses of administration, to pay the claims allowed for live stock injured or destroyed by dogs."

That the County Commissioners between December 1 and December 15th shall ascertain, etc., and fix the tax for the next ensuing year.

Sec 5646 GC enacted in the same year provides that after the allowance of claims in favor of the owner of live stock killed or injured by dogs:

"Such claims as are allowed in whole or in part shall be paid by voucher issued by the County Auditor at the close of the following calendar month after such claims have been finally allowed. If the funds are insufficient to pay said claims, they shall be paid in the order allowed at the close of the next calendar month in which there is sufficient funds available in said dog and kennel fund."

Under what theory it can be claimed that only the deficiency in the fund of the year immediately preceeding shall be considered, we cannot understand. It is merely by a narrow judicial construction of the statute that such claim can be maintained. It is difficult to understand upon what theory the owner of live stock injured by dogs shall be bound by the action of the Commissioners in the following year, or rather their failure to act, and is not to be allowed his claim as the statute provides. If the claim is allowed in the year 1928 and is presented at the following session of the Commissioners and thereafter the owner follows this up by a continued presentation of his claim to be allowed at each successive meeting of the Commissioners so that the deficiency for the year 1929 would necessarily include the deficit for the year 1928 leaving the total amount still remaining unpaid as the deficiency at the end of the year 1929 and upon which the Commissioners levied the taxes for the year 1930, we can see no irregularity in this proceedings or in the fixing of taxes for the year 1930.

This, we think, the Commissioners did and in the resolution provided for a kennel tax of $21.50, and in fixing this tax they were acting with the authority conferred by the statute and as the Act is constitutional the resolution fixing the tax must be held valid. It is claimed, however, that many of the dogs so taxed were young and were not of sufficient age to justify the tax. It must be observed, however, that the

tax is fixed upon the basis of the deficiency of 1929 and is applicable to the dogs which reach the required age in the year 1930. We find no objection to the tax upon that ground. We, therefore, reach the conclusion that the Act is constitutional, that the tax has been lawfully assessed and applied to the dogs which are taxable for the year 1930. The prayer of the petition is, therefore, denied and the injunction is refused.

Decree accordingly.

KUNKLE, PJ, concurs.

HORNBECK, J, dissents.

I concur with the majority of the court in holding the act challenged by the petition to be constitutional, although in so doing am of opinion that the almost unlimited power of the legislature in the field of taxation is carried to the extreme in some phases of this law. The wisdom of the act was for the law makers. Every breed of dog which could by any reasonable view of the situation have propensities which could cause harm or death to sheep should be compelled to pay for the loss so caused. It borders upon an unreasonable and arbitrary exercise of the police power to require the owner of a lap dog, a poodle, a Pekinese, some types of the small terriers, which in the very nature of things could not worry anything, to pay a proportionate share of losses sustained by reason of damages to sheep by dogs. And further to require the owner of a puppy, which is three months old in January, 1930, to pay his full share of losses sustained by reason of a deficit in 1929 and 1928 when the dog was non existent is a further strain on the flexibility of the taxation power. However, I do not believe that it was the purpose of the legislature, as is to be determined by §5652-7a GC, to include in fixing the amount of license fees for any year the deficit for more than the year preceding. When the computation was made in this case as provided by the section just mentioned it provided $780.00 (the deficit for 1928) more than the section contemplated. I am therefore of the opinion with Judge Yaple, the trial court, that the injunction should be allowed in the form in which it was issued.